ROBERT BYFORD, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 47252

April 12, 2007

156 P.3d 691

*JoNell Thomas*, Las Vegas, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *Steven S. Owens*, Chief Deputy District Attorney, Clark County, for Respondent.

Before PARRAGUIRRE, HARDESTY and SAITTA, JJ.

## OPINION[1]

*Per Curiam:*

Appellant Robert Byford was convicted of first-degree murder and received a sentence of death. This court affirmed Byford's conviction and sentence in 2000.[2] Byford then filed in proper person a timely postconviction petition in the district court seeking habeas relief and appointment of counsel. The district court appointed counsel to represent Byford, and counsel filed a supplement to the petition. The district court eventually denied the petition without conducting an evidentiary hearing.

Byford appealed, and in an unpublished order in 2005 we concluded that the district court had failed to adequately address his claims of ineffective trial and appellate counsel.[3] We concluded that the district court's order lacked specific findings of fact and conclusions of law to support its decision disposing of these claims on their merits, particularly in the absence of any evidentiary hearing. We reminded the district court that ''a post-conviction habeas petitioner is entitled to an evidentiary hearing on any claims that if true would warrant relief as long as the claims are supported by specific factual allegations which the record does not belie or

---

[1]In an unpublished order entered on February 7, 2007, this court vacated the district court's order denying postconviction habeas relief and remanded for further proceedings. Byford subsequently filed a motion seeking publication of our order. Cause appearing, we grant his motion. Accordingly, we issue this opinion in place of our prior unpublished order.

[2]*Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000).

[3]*Byford v. State*, Docket No. 44215 (Order Affirming in Part, Vacating in Part, and Remanding, November 16, 2005).

repel.''[4] We therefore vacated the district court's order and remanded, directing the district court "to reconsider these claims and, at a minimum, enter an order that sets forth specific findings of fact and conclusions of law to support its decision disposing of them."[5]

After our vacatur and remand, the district court never placed this case back on its calendar for a hearing, the parties never appeared before the court, and the district court did not advise the parties that it had reconsidered Byford's claims. Rather, the State, without obtaining a new ruling and without advising Byford or his counsel, submitted to the district court a new proposed order, which the district court signed and filed without bringing the parties before it or notifying Byford. The State and the district court acted improperly, for several reasons.

First, while Eighth Judicial District Court Rule (EDCR) 7.21 allows the party "obtaining" an order from the district court to submit a proposed order to the district court within 10 days after the party is notified of the ruling, the State never obtained an order from the district court and the district court never notified the State of a new ruling after our vacatur and remand. Its draft of a new proposed order was therefore unfounded. Under the rule, the district court must make a ruling and state its findings of fact and conclusions of law before the State can draft a proposed order for the district court's review.

Second, Nevada Code of Judicial Conduct (NCJC) Canon 3B(7) requires the district court to "accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard." The commentary on this section, which provides guidance to the district court on its ethical obligations, specifically notes that the district court may request a party to submit proposed findings of facts and conclusions of law, but it must ensure that the "other parties are apprised of the request and are given an opportunity to respond to the proposed findings and conclusions." Such review is important to ensure that the proposed order drafted by the prevailing party accurately reflects the district court's findings. Here, the district court did not provide Byford with the opportunity to be heard on the State's proposed findings of fact and conclusions of law. This is particularly troubling given that, after this court had vacated the prior findings and remanded the matter for further proceedings, the district court never notified the State of any new

[4]*Id.* at 3-4.

[5]*Id.* at 4.

ruling upon which the State could have relied in drafting a new findings and conclusions.

Third, the State argues that Byford never objected to the proposed findings and conclusions and never sought to have them modified after the order was filed. The State cites no authority for the proposition that Byford had an obligation to do so and we have found no such authority. Although to the extent it even applies in habeas proceedings,[6] NRCP 52(b) provides a party an opportunity to seek amendment of a district court order, it does not require the party to do so. Similarly, EDCR 7.21 does not require a party to seek amendment of an order prior to exercising the right to appeal the order.

Finally, in resolving Byford's prior appeal from the district court's earlier order denying his habeas petition, this court vacated in part and remanded, specifically directing the district court to "reconsider" Byford's claims of ineffective assistance of counsel. The district court's endorsement of the order drafted unilaterally by the State did not satisfy this direction. Rather, at the very least the district court should have advised both parties that it had reconsidered the claims and stated its new ruling, explaining its findings and conclusions, thereby providing guidance to the State in drafting a new proposed order.

Of course, as we have previously explained, an evidentiary hearing is required in regard to any claims that are supported by specific factual allegations unrepelled by the record and that would warrant relief if true.[7] In defending the district court's order, the State repeatedly asserts that Byford's counsel made reasonable strategic choices. In many instances, this is a difficult assessment to make without the benefit of counsel's testimony at an evidentiary hearing.

## CONCLUSION

After our vacatur and remand of the district court's prior order, the district court should have reconsidered Byford's claims as instructed, conducted an evidentiary hearing if necessary, issued a new ruling, and either drafted its own findings of fact and conclusions of law or announced them to the parties with sufficient specificity to provide guidance to the prevailing party in drafting a proposed order. None of this occurred here. The State prematurely drafted a proposed order before the district court notified the

---

[6]See NRS 34.780(1) (the NRCP are applicable to postconviction habeas proceedings to the extent they are not inconsistent with NRS 34.360-.830); *Mazzan v. State*, 109 Nev. 1067, 1073, 863 P.2d 1035, 1038 (1993).

[7]See *Evans v. State*, 117 Nev. 609, 621, 28 P.3d 498, 507 (2001).

parties of its new ruling after reconsideration. In addition, the district court and the State should have provided Byford with an opportunity to review and comment upon the proposed order. Accordingly, we vacate the district court's order and remand the matter to the district court for proceedings consistent with this opinion.[8]

---

[8]During the pendency of this appeal, Byford filed a motion seeking leave to file a supplemental brief addressing the propriety of the aiding and abetting instructions, based on *Mitchell v. State*, 122 Nev. 1269, 149 P.3d 33 (2006). *Mitchell* was decided after Byford's opening brief was filed. In light of our decision in this opinion, we deny this motion as moot. On remand, Byford may seek the district court's leave to supplement his petition with this claim. *See* NRS 34.750(5).