An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIUS BRADFORD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58529

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

On appeal from the district court's order denying his November 3, 2010, petition appellant argues that the trial court erred in admitting evidence of appellant's gang activity and a prior robbery; the trial court erred in failing to give a limiting instruction regarding the prior-bad-act evidence; the trial court failed to properly instruct the jury on aiding and abetting, use of a deadly weapon, and adoptive admissions; there was insufficient evidence of appellant's guilt of attempted robbery and murder; and that cumulative error should result in a new trial. These claims were not raised in the petition before the district court, and therefore, we decline to consider these claims in the first instance on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.2d 25, 33 (2004). As a separate and independent ground for denying relief, the law-of-the-case doctrine precludes further litigation of these issues, *see Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975),

13-21572

because they were considered and rejected on direct appeal. *Bradford v. State*, Docket No. 50630 (Order of Affirmance, June 30, 2009). The law of the case "cannot be avoided by a more detailed and precisely focused argument." *Id.* While appellant argues that this court erred in its disposition of these issues on direct appeal, appellant fails to demonstrate that the law of the case should not be applied. *Tien Fu Hsu v. County of Clark*, 123 Nev. 625, 630-31, 173 P.3d 724, 728-29 (2007) (discussing when the doctrine of the law of the case should not be applied). Therefore, appellant is not entitled to relief for these claims.

Next, appellant argues that the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that

are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Appellant argues that his trial counsel was ineffective because counsel's questioning of appellant opened the door to evidence related to appellant's gang activities and a prior robbery. Appellant also asserts that counsel should have advised him not to testify because he would be impeached with prior bad acts. Appellant fails to demonstrate that he was prejudiced. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel advised him differently regarding his own testimony or posed different questions to appellant during his testimony, as there was strong evidence of appellant's guilt presented at trial regardless of the prior-bad-act evidence. The evidence included a witness who saw appellant and his codefendants initiate the altercation with the victim and appellant's own statements regarding his involvement in the attempted robbery which culminated in the death of the victim, including admitting that they had planned to rob the victim and that appellant had told the gunman to shoot the victim.

In addition, the trial court informed appellant that he had the right to testify and that the decision whether to testify was his alone. Appellant acknowledged that he had discussed testifying with counsel and that he understood that he had to decide whether to testify. Given those admissions, appellant fails to demonstrate a reasonable probability of a different outcome had counsel further discussed testifying with appellant. Therefore, appellant fails to demonstrate that the district court erred in denying this claim without conducting an evidentiary hearing or allowing

 

appellant to conduct discovery in preparation for an evidentiary hearing.[1] See NRS 34.770(2); NRS 34.780(2).

Next, appellant argues that this court should consider the claims in this appeal and claims that are raised in a separate appeal for their cumulative effect.[2] This court has already denied appellant's request to consolidate the two appeals and we deny appellant's attempt to reargue that decision. *Bradford v. State*, Docket Nos. 58529 and 61559 (Order Denying Motions, September 21, 2012). To the extent appellant argues that errors alleged in this appeal amount to ineffective assistance of counsel, appellant fails to demonstrate prejudice for his claims raised in this appeal, and therefore, appellant fails to demonstrate that cumulative errors amount to ineffective assistance of counsel.

Finally, appellant argues that the district court's order was improper as the order was prepared by the State without allowing appellant an opportunity to review the proposed order and the order failed to adequately address appellant's claims. As discussed previously, appellant fails to demonstrate that the district court erred in denying any

---

[1]Appellant also argues that his prior post-conviction counsel, who represented appellant during the district court proceedings, did not raise the issue of trial counsel's advice regarding whether he should testify. However, a review of the petition reveals that the issue was properly raised in the district court and is properly before this court in this appeal. To the extent appellant attempts to argue his that prior post-conviction counsel was ineffective, we decline to consider claims of ineffective assistance of post-conviction counsel in the first instance in this appeal. *See Davis*, 107 Nev. at 606, 817 P.2d at 1173.

[2]The district court's denial of appellant's second post-conviction petition is on appeal before this court in Docket No. 61559.



of his claims. Even assuming the district court erred by not allowing appellant the opportunity to review and respond to the proposed order, we conclude any error was harmless and appellant fails to demonstrate prejudice. *See* NRS 178.598 (stating that any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded). *But cf. Byford v. State*, 123 Nev. 67, 69, 156 P.3d 691, 692 (2007) (stating that when a district court requests a party to prepare a proposed order, the court must ensure that the other parties are aware of the request and given the opportunity to respond to the proposed order). Appellant does not demonstrate the error adversely affected the outcome of the proceedings or his ability to seek full appellate review. Therefore, appellant is entitled to relief based on this argument.

Having concluded appellant is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Michelle Leavitt, District Judge
Law Office of Lisa Rasmussen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A