129 Nev., Advance Opinion 58

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>DELBERT M. GREENE,<br>Respondent. | No. 61674<br><br>**FILED**<br><br>AUG 0 1 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

Appeal from a district court order granting respondent's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

*Reversed and remanded.*

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Steven S. Owens, Chief Deputy District Attorney, Clark County,
for Appellant.

Delbert M. Greene, Ely,
in Proper Person.[1]

BEFORE HARDESTY, PARRAGUIRRE and CHERRY, JJ.

---

[1]Respondent Delbert Greene was assisted by counsel, Marc Picker, in the proceedings below. After briefing by counsel was completed in this appeal, we granted Picker's motion to withdraw as counsel for Greene.

13-22600

*OPINION*

By the Court, CHERRY, J.:

The district court determined that respondent Delbert M. Greene received ineffective assistance of counsel at his resentencing hearing and granted his untimely and successive fifth post-conviction petition for a writ of habeas corpus. The district court also directed Greene's counsel to draft the order granting the petition but refused to provide an explanation for its decision. We take this opportunity to reiterate that when the district court directs a prevailing party to draft an order resolving a post-conviction petition for a writ of habeas corpus, it must provide sufficient direction regarding the basis for its decision to enable the prevailing party to draft the order. Because we also conclude that the district court erroneously determined that Greene established good cause sufficient to excuse the procedural bars to a consideration of his petition on the merits, we reverse the order granting his petition and affording him a new sentencing hearing.

## I. Background

On June 7, 2002, Greene participated in the robbery of a change attendant at a grocery store in Las Vegas, and after a three-day jury trial, he was convicted of burglary while in the possession of a deadly weapon (count I), conspiracy to commit robbery (count II), and robbery with the use of a deadly weapon (count III).[2] At the sentencing hearing, the trial court imposed a prison term of 36-156 months for count I, a consecutive prison term of 18-60 months for count II, and a prison term of

---

[2]The Honorable Valerie Adair, District Judge, presided over the trial.

 

48-180 months plus an equal and consecutive term for the deadly weapon enhancement for count III; the court, however, erroneously ordered the sentence for count III to run concurrently with count I but consecutively to the sentence for count II even though the sentence for count II was ordered to run consecutively to the sentence for count I. Additionally, the written judgment of conviction failed to mention the sentence imposed for the deadly weapon enhancement. We identified these errors on direct appeal from the judgment of conviction and remanded the case to the trial court for a new sentencing hearing. *Greene v. State*, Docket No. 42110 (Order Affirming in Part and Remanding, May 18, 2004).

On remand, the trial court imposed the prison terms for the three counts to run consecutively and entered an amended judgment of conviction. Greene appealed. We rejected Greene's claims and affirmed the amended judgment of conviction. *Greene v. State*, Docket No. 43628 (Order of Affirmance, August 24, 2005). Notably, neither party at the time provided this court with the transcript of the resentencing hearing for review.

While Greene's appeal from the amended judgment of conviction was pending, he filed his first, and only timely, post-conviction petition for a writ of habeas corpus in district court.[3] Greene filed the petition in proper person and raised several ineffective-assistance-of-counsel claims and direct-appeal claims, including an issue that he previously raised on direct appeal (the admission of a letter that he wrote

---

[3]For unknown reasons, Greene filed the same petition again three days later. This is why, in subsequent proceedings both below and in this court, there is reference to Greene's petitions filed on February 4, 2005, and February 7, 2005.

to his former codefendant),[4] but he did not raise any issues pertaining to the resentencing hearing or amended judgment of conviction. The petition was considered by the judge who presided over the trial. The judge declined to appoint counsel to represent Greene or conduct an evidentiary hearing, *see* NRS 34.750(1); NRS 34.770, and with very little discussion of the issues raised, entered an order denying his petition. We affirmed the order. *Greene v. State*, Docket No. 45127 (Order of Affirmance, September 16, 2005).

Nearly three years later, Greene filed his second post-conviction petition for a writ of habeas corpus in district court. Like the first petition, this one was filed in proper person. This time, Greene raised issues pertaining to his resentencing hearing. Among other things, Greene claimed that his appointed counsel failed to appear for the resentencing hearing and, instead, sent an associate who was not prepared or familiar with his case. Greene also claimed that his sentence was improperly increased by the amended judgment of conviction. To excuse the procedural bars to the petition, Greene claimed he was unaware that his collateral challenge to the conviction in federal court had been resolved or that he could proceed in state court while the federal proceeding was pending. Once again, the petition was heard by the judge who presided over the trial, and the judge declined to appoint counsel to represent Greene or conduct an evidentiary hearing, and denied his

---

[4]The direct-appeal claims were waived. *See* NRS 34.810(1)(b); *Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) ("[C]laims that are appropriate for a direct appeal must be pursued on direct appeal, or they will be considered waived in subsequent proceedings."), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999).

petition after finding "it is time barred with no good cause shown for [the] delay" or its successiveness. *See* NRS 34.726(1); NRS 34.810(1)(b), (2)-(3). On appeal, we agreed that Greene failed to demonstrate that an impediment external to the defense prevented him from complying with the procedural default rules, *see Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003); *see also Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989), *abrogated by statute on other grounds as recognized by State v. Huebler*, 128 Nev. ___, ___ n.2, 275 P.3d 91, 95 n.2 (2012), however, we also identified a clerical error in the amended judgment of conviction. The amended judgment of conviction ordered "Count III TO RUN CONSECUTIVE to Counts II and III" rather than consecutively to counts I and II. Therefore, while we affirmed the order denying Greene's petition, we remanded the matter to correct the clerical error as permitted by NRS 176.565. *Greene v. State*, Docket No. 52584 (Order of Affirmance and Remand to Correct Judgment of Conviction, August 25, 2009).

Approximately one week later, the trial court entered a second amended judgment of conviction clarifying that "COUNT 3 is to run CONSECUTIVE to COUNTS 1 & 2, NOT as to Counts 2 & 3 as stated in the Amended Judgment of Conviction." Sure enough, Greene filed two more post-conviction petitions for writs of habeas corpus in the district court raising several issues related to the entry of the second amended judgment of conviction. Both petitions were filed in proper person and were heard by the trial judge who again declined to appoint counsel to represent Greene or conduct an evidentiary hearing and summarily denied the petitions without any discussion of the claims raised or his good cause arguments. We consolidated the cases on appeal and affirmed the order. *Greene v. State*, Docket Nos. 56013/56546 (Order of Affirmance,

November 8, 2010). We determined that Greene's petitions were untimely, successive, and an abuse of the writ, *see* NRS 34.726(1); NRS 34.810(1)(b)(2), (2), and we expressly rejected Greene's good cause and prejudice arguments. We noted that the correction of the clerical mistake did not provide Greene with good cause. *See Sullivan v. State*, 120 Nev. 537, 540-41, 96 P.3d 761, 764 (2004). We concluded that (1) Greene was not entitled to counsel when the error was corrected because the proceeding did not implicate any substantial rights, *see Mempa v. Rhay*, 389 U.S. 128, 134 (1967); (2) the proceeding to correct the error did not amount to a sentencing hearing requiring his presence and there was no demonstration of prejudice, *see Gallego v. State*, 117 Nev. 348, 367-68, 23 P.3d 227, 240 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. ___, 263 P.3d 235 (2011); and (3) the second amended judgment did not improperly increase his sentence. We also concluded that Greene failed to demonstrate that he was denied his right to a direct appeal from the second amended judgment of conviction. *See Harris v. Warden*, 114 Nev. 956, 959, 964 P.2d 785, 787 (1998).

## II. *The instant petition*

On April 3, 2012, more than six and a half years after we affirmed his amended judgment of conviction, Greene filed the instant petition—his fifth post-conviction petition for a writ of habeas corpus. For the first time, the petition was filed with the assistance of counsel. Like the three petitions that preceded it, this petition was untimely, successive, and an abuse of the writ. *See* NRS 34.726(1); NRS 34.810(1)(b)(2), (2). The petition, however, failed to allege good cause and prejudice to excuse those procedural bars. Instead, the petition focused on the substantive issue of counsel's performance at the resentencing hearing, claiming that counsel "sent an associate attorney who openly admitted to having no

knowledge of the case and made no argument of any kind on Mr. GREENE's behalf against the District Court adding an additional twenty-eight (28) years to his sentence." The petition provided no basis for this claim or the characterization of trial counsel's performance: it did not provide a citation to the resentencing hearing transcript or include a copy of that transcript. Even though Greene was never represented by counsel in connection with his first four petitions, the new petition erroneously asserted that prior "counsel" failed to raise the issues set forth in the fifth petition. And the petition failed to acknowledge that the claim about counsel's performance at the resentencing hearing was raised in Greene's second habeas petition. Without cogent argument or citation to any legal authority, Greene's post-conviction counsel asserted that as a result of the resentencing, Greene's sentence was improperly enhanced by "two different offenses . . . on the basis of the same fact of the presence of a weapon," thus violating "the Fifth Amendment prohibition against double jeopardy." The gist of his argument, it seems, was that the resentencing changed Greene's parole eligibility dates. In its motion to dismiss the petition, the State argued laches and pointed out that the same issues were raised in Greene's second petition. In his response to the State's motion to dismiss, Greene extended his double-jeopardy claim to include issues related to the correction of the clerical error and entry of the second amended judgment of conviction. Greene also conceded that his claims were "arguably successive."

### III. The hearing and first appellate issue

For the first time, one of Greene's habeas petitions would not be heard by the judge who presided over the trial. This time, the habeas petition was heard by the Honorable James M. Bixler, District Judge. When the district court held a hearing on the petition, Greene was not

present and his attorney appeared telephonically. After the court briefly summarized Greene's ineffective-assistance argument and heard a few introductory remarks from Greene's counsel, the court immediately rejected Greene's double-jeopardy claim, stating, "I don't think that's ever going to have any legs to it, to be honest with you." After further discussion, the court noted that the untimely and successive nature of Greene's petition was "problematic," and the good-cause argument articulated at the hearing by Greene's counsel—that prior counsel's deficient performance at the resentencing hearing was never "appropriately" addressed and is not "attributable" to him—was not sufficient. Nevertheless, the court asked Greene's counsel, "[H]ow do you write this up so that you can defend at the Supreme Court my decision that you have established good cause for the granting of the writ?" Counsel answered that "the spin" would be that the delay in filing the petition was not Greene's fault "and that he will be unduly prejudiced by the dismissal of this petition." The State argued that "the one thing you cannot put a spin on is the fact [that] in order to show good cause, you have to show an impediment external [to the] defense," and "there is no way to get around" the fact that "the one person throughout this entire proceeding [who] has clearly known what his sentence was, is [Greene]."

The district court concluded, "I am going to regret this, but I am granting your petition. . . . It is not [the] correct thing, but it is the right thing." The State asked the judge if he could "just articulate the grounds under which you are granting the petition." The judge refused to provide a reason, explaining, "I am going to wait to [see] the language in the order. I don't know that I am going to be able to articulate it sufficiently." The district court then directed Greene's counsel to draft the

SUPREME COURT
OF
NEVADA

(O) 1947A

8

order, and stated, "[I]f I agree, I will sign that order." The district court scheduled a third sentencing hearing for Greene approximately four and a half months later because "I have a feeling you are going to be hearing more about this case before November."

On appeal, the State contends that the district court erred by directing Greene's counsel to draft the order granting the petition while refusing to explain its ruling. The State argues that "[t]his was an improper delegation of the Court's duty to articulate specific grounds for its ruling before empowering the prevailing party to draft Findings." We agree. As we stated in *Byford v. State*, 123 Nev. 67, 70, 156 P.3d 691, 693 (2007), "the district court should have . . . either drafted its own findings of fact and conclusions of law *or* announced them to the parties with sufficient specificity to provide guidance to the prevailing party in drafting a proposed order." (Emphasis added.) Here, the district court did not make any express findings in support of its determination and provided no guidance for the prevailing party, and we conclude that this was improper.

### IV. *The district court's order and second appellate issue*

The State contends that the district court erred by finding that Greene demonstrated good cause and prejudice sufficient to overcome the procedural bars to a consideration of his habeas petition on the merits. We agree.

To reiterate, Greene's petition is subject to several procedural bars. Greene filed his fifth habeas petition more than six and a half years after this court affirmed his amended judgment of conviction on direct appeal and issued its remittitur. Thus, Greene's petition was untimely. *See* NRS 34.726(1). Greene's petition was also successive because he previously filed habeas petitions on at least four occasions, and the instant petition seeks to relitigate claims related to his resentencing hearing that

SUPREME COURT
OF
NEVADA

(O) 1947A

were raised in his second habeas petition, which itself was untimely and successive. *See* NRS 34.810(2). The order granting Greene's fifth petition states that the grounds were not previously raised "due to ineffective assistance of prior counsel" even though Greene filed all of his prior petitions in proper person and Greene conceded in his response to the State's motion to dismiss that the claims were "arguably successive." The order fails to address the successive nature of Greene's petition,[5] the relitigation of previously raised claims,[6] or the State's argument that laches precluded consideration of Greene's petition on the merits, *see* NRS 34.800(2).

Most importantly, we conclude that the district court erred by finding that Greene demonstrated good cause sufficient to excuse the procedural bars to his petition. *See State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) ("We give deference to the district court's factual findings regarding good cause, but we will review the court's application of the law to those facts de novo."); *see also* NRS 34.810(3)(a). The order based its good-cause determination on several factual inaccuracies and representations that are not supported by or contained within the record.

---

[5]The order only mentions Greene's first, timely habeas petition and the claims raised therein. There is no mention or reference to the three untimely and successive petitions denied by Judge Adair. The order *does* list four additional petitions filed in federal court, three purportedly dismissed for procedural reasons and one "being held in abeyance pending outcome of the instant Petition."

[6]To the extent that any part of Greene's argument below could be construed as newly raised, he failed to demonstrate cause for the failure to raise the argument earlier and, therefore, we conclude that it constitutes an abuse of the writ. *See* NRS 34.810(1)(b)(2), (2).

For example, the order notes that Greene's fifth petition was untimely but determines that "Defendant has shown good cause . . . based upon the ineffective assistance of prior counsel to raise these issues in prior petitions." We noted in the paragraph above the errors contained within this statement. The district court also found that "several revisions to Defendant's Judgment of Conviction have occurred which is further good cause for the delay." That finding, however, does not explain Greene's failure to include issues related to his resentencing hearing in his first, timely habeas petition, or the fact that he waited another three years before raising those issues in his second habeas petition. To the extent that "several revisions" includes issues related to the entry of the second amended judgment of conviction, we note that we already concluded in his appeal from the denial of his third and fourth petitions that the correction of the clerical error did not provide Greene with good cause. Our decision is the law of the case on that point. *See Hall v. State*, 91 Nev. 314, 535 P.2d 797 (1975). Because Greene failed to demonstrate that an impediment external to the defense prevented him from complying with the procedural-default rules, the district court abused its discretion by considering the merits of his claims. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

We also conclude that the district court erred by determining that there was merit to Greene's ineffective-assistance claim. There is no indication in the record that the district court reviewed a transcript of the resentencing hearing, no evidentiary hearing on Greene's petition was conducted, therefore, no testimony from Greene or former counsel was heard. We also note that a transcript of the resentencing hearing was never provided to us for consideration. Regardless of the merits of

Greene's claim, based on all of the above, we conclude that the district court erred by granting Greene's petition and ordering a third sentencing hearing. Accordingly, we reverse the order of the district court and remand for proceedings consistent with this opinion.

_____, J.
Cherry

We concur:

_____, J.
Hardesty

_____, J.
Parraguirre