An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DOMINGUES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63890

**FILED**

OCT 2 1 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order denying a motion to correct an illegal sentence and an order denying objection to findings of fact, conclusions of law and order. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Our initial review of this appeal revealed two jurisdictional defects: the notice of appeal was untimely as to the order denying the motion to correct an illegal sentence and no statute or court rule provides for an appeal from the other order designated in the notice of appeal. We therefore ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant filed a response. Respondent then filed a motion for leave to file an answer and appellant filed a motion for leave to file a reply and a subsequent motion to supplement that reply. We grant the motions and have considered the answer, reply, and supplement to the reply.

Appellant suggests that the notice of appeal was timely filed because the district court's decision did not become final until it announced its decision to deny appellant's objection to the findings of fact, conclusions of law, and order denying the motion to correct an illegal

13-31527

sentence. According to appellant, the district court's order denying the motion to correct an illegal sentence was not final when entered because the State had submitted the draft of the order to the court and appellant at the same time and therefore the court "was entirely precluded from considering [his] response to the draft Findings until after the Findings were signed by the district court and filed by the clerk's office." Appellant relies on *Byford v. State*, 123 Nev. 67, 156 P.3d 691 (2007).

The concerns expressed by appellant do not alter the finality of the order entered on July 23, 2013. That order clearly and finally resolved the motion; it includes detailed findings and conclusions. It was signed by the judge and filed with the clerk. At that point, the 30-day appeal period started to run. *See* NRAP 4(b)(1)(A) ("[T]he notice of appeal by a defendant or petitioner in a criminal case shall be filed with the district court clerk within 30 days after entry of the judgment or order being appealed."); NRAP 4(b)(4) ("A judgment or order is entered for purposes of this Rule when it is signed by the judge and filed with the clerk."). Even assuming that the district court did not provide appellant with the opportunity to be heard on the proposed findings of fact and conclusions of law, the error does not affect the finality of the order or the time to file an appeal. If anything, the error would be a matter to be addressed on appeal. Nothing in *Byford* is to the contrary.

Appellant also seems to suggest that the order entered on July 23, 2013, was not final because if he had had the opportunity to object, he would have been able to establish another ground for the district court to grant the motion. The opportunity to respond to a proposed order drafted by a prevailing party "is important to ensure that the proposed order drafted by the prevailing party accurately reflects the district court's

findings." *Byford*, 123 Nev. at 69, 156 P.3d at 692. It is not an opportunity to present new issues or arguments. Here, the objection filed by appellant had nothing to do with whether the proposed order accurately reflected the district court's findings. Instead, as the district court concluded, the objection was a thinly veiled effort to convince the district court to reconsider its decision to deny the motion to correct an illegal sentence based on an issue that had not been raised in that motion. Again, the fact that appellant wanted to raise a new issue after the district court had entered its order resolving the motion does not alter the finality of the district court's order or the time for filing a notice of appeal from that order.

Finally, appellant argues that the notice of appeal was timely filed because the objection to the findings of fact, conclusions of law, and order denying the motion to correct an illegal sentence was the functional equivalent of a motion in arrest of judgment. This argument is not persuasive for two reasons.

First, the objection was not a motion in arrest of judgment. A motion in arrest of judgment must "be made within 7 days after determination of guilt or within such further time as the court may fix during the 7-day period" and may be granted where "the indictment, information or complaint does not charge an offense" or where "the court was without jurisdiction of the offense charged." NRS 176.525. The objection filed by appellant meets none of these requirements. It was filed more than a decade after the determination of guilt and the time for filing a motion in arrest of judgment was not extended within the statutory period. More importantly, the objection had nothing to do with the grounds provided by statute for a motion in arrest of judgment: it was

about the sentence imposed, not whether the charging document charged an offense or whether the district court had jurisdiction over the charged offense. The objection was not presented to the district court as a motion in arrest of judgment and its contents and timing do not suggest that it was intended or could be construed as such a motion.

Second, even if the objection could be construed as a motion in arrest of judgment, the objection did not toll the time for filing a notice of appeal from the order denying the motion to correct an illegal sentence and the order denying the objection was not appealable. A timely motion in arrest of judgment only tolls the time for taking an appeal from the judgment of conviction. NRAP 4(b)(3)(A) (providing that if a timely motion in arrest of judgment has been filed, "an appeal from a judgment of conviction may be taken within 30 days after the entry of an order denying the motion"). As this appeal is not from a judgment of conviction, the tolling provision in NRAP 4(b)(3)(A) does not apply. And while NRS 177.015(1)(b) provides for an appeal from "an order of the district court *granting* . . . a motion in arrest of judgment," (emphasis added), it says nothing about an order *denying* a motion in arrest of judgment. An order denying a motion in arrest of judgment could only be reviewed on appeal from a judgment of conviction as an intermediate order. NRS 177.045

Appellant has not demonstrated that he filed a timely notice of appeal from the order denying his motion to correct an illegal sentence or that the subsequent order denying his objection was appealable.

Accordingly, we conclude that this court lacks jurisdiction over this appeal. We therefore

ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Michelle Leavitt, District Judge
       Law Office of Patricia M. Erickson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk