# IN THE SUPREME COURT OF THE STATE OF NEVADA

DALE EDWARD FLANAGAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63703

**FILED**

JUL 22 2016

TRACIE K. LINDEMAN
**CLERK** OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Dale Flanagan's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Flanagan filed his petition on September 28, 2012, more than 14 years after remittitur issued from his direct appeal in 1998. Thus, the petition was untimely filed. *See* NRS 34.726(1). The petition was also successive pursuant to NRS 34.810(2) because Flanagan had previously sought postconviction relief. *Flanagan v. State*, Docket No. 40232 (Order of Affirmance, February 22, 2008). Accordingly, the petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS. 34.726(1); NRS 34.810(1)(b), (3). Further, because the State pleaded laches, Flanagan was required to overcome the presumption of prejudice to the State. *See* NRS 34.800. The district court denied Flanagan's petition as procedurally barred without conducting an evidentiary hearing.[1]

---

[1]Flanagan contends that this court should give no deference to the district court's order because it gave the State insufficient guidance to prepare the order then adopted "verbatim" the State's proposed order. We

*continued on next page . . .*

16-22814

First, Flanagan contends that the district court erred by denying his petition as procedurally barred[2] because the State's withholding of impeachment evidence concerning a key witness violated *Brady v. Maryland*, 373 U.S. 83 (1963), and therefore excused the procedural default. Although a valid *Brady* claim can constitute good cause and prejudice sufficient to excuse the procedural bars, *State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003) (explaining that "proving that the State withheld the evidence generally establishes cause, and proving that the withheld evidence was material establishes prejudice"), it must be raised within a reasonable time after the withheld evidence is disclosed or discovered by the defense, *State v. Huebler*, 128 Nev. 192, 198 n.3, 275 P.3d 91, 95 n.3 (2012). Here, Flanagan filed his petition more than two years after he discovered the basis of the claim and more than one year after he procured affidavits from relevant witnesses. We agree with the district court that the delay in filing the petition was unreasonable. *See id.* We also note that, even assuming Flanagan's assertions regarding the witness' role as a State agent are accurate, he has not provided complete trial transcripts in his appendix and fails to demonstrate that the withheld evidence was material. *See Mazzan v.*

---

*. . . continued*

disagree. We note that Flanagan did not object below. *Cf. Byford v. State*, 123 Nev. 67, 69, 156 P.3d 691, 692 (2007).

[2]Flanagan suggests that this court should not be able to apply the procedural bars because the State has taken an inconsistent position in a federal proceeding. Flanagan is mistaken. Application of the procedural bars is mandatory. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 874 n.9 (2014).

 

*Warden*, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000). Therefore, we conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.

Second, Flanagan contends that the district court erred by denying his petition as procedurally barred because he has been diligently pursuing federal remedies. The district court denied this claim because the pursuit of federal remedies does not constitute good cause pursuant to *Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989), *abrogated by statute on other grounds as recognized by Huebler*, 128 Nev. at 197 n.2, 275 P.3d at 95 n.2. We agree. We reject Flanagan's assertion that the district court's reliance on *Colley* was misplaced because his pursuit of federal remedies was reasonable under the circumstances and conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.[3]

Finally, Flanagan requests that this court remand this matter for the appointment of "conflict-free" counsel. We reject this request. We note that Flanagan inappropriately raised this issue for the first time in his reply brief. *See Talancon v. State*, 102 Nev. 294, 302 n.4, 721 P.2d 764, 769 n.4 (1986) (recognizing that this court will generally decline to consider issues raised for the first time in a reply brief). We also note that there is no conflict of interest because Flanagan has no constitutional right to counsel in this proceeding. *See generally Glasser v. United States*, 315 U.S. 60, 70, 75-76 (1942) (explaining that a conflict-of-interest claim is rooted in a defendant's constitutional right to counsel); *McKague v.*

_____

[3]We also reject Flanagan's assertion that the delay in raising his *Brady* claim was due to his pursuit of federal remedies.



*Whitley*, 112 Nev. 159, 163, 912 P.2d 255, 257-58 (1996) (explaining that there is no constitutional right to counsel in postconviction proceedings).

Because the district court correctly concluded that Flanagan's petition was procedurally barred and he was not entitled to an evidentiary hearing, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

CHERRY, J., dissenting:

The majority in this case neatly concludes that Flanagan's delay in raising his *Brady v. Maryland*, 373 U.S. 83 (1963), claim was unreasonable even though he has never been given a full opportunity to explain the reasons for the delay at an evidentiary hearing. As I recently

_____

[4]The Honorables Mark Gibbons and Michael L. Douglas, Justices, voluntarily recused themselves from participation of this matter

 

explained in *Rippo v. State,* "I would hold that the reasonableness of any delay should be assessed on a case-by-case basis considering the totality of the circumstances." 132 Nev., Adv. Op. 11, ___ P.3d ___ (2016) (Cherry, J., concurring in part and dissenting in part). Here, where the record indicates that the relevant witnesses were uncooperative, the individual circumstances matter. Accordingly, I would remand this matter for an evidentiary hearing. I therefore dissent.

_____, J.
Cherry

cc:     Hon. Michelle Leavitt, District Judge
        Potter Law Offices
        Michael Laurence, Esq.
        Davis Wright Tremaine LLP
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk