# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN JAMES MORALES,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 79853

**FILED**

FEB 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

Appellant filed his petition on May 10, 2019, more than eight years after this court issued its remittitur on direct appeal on August 10, 2010. *See Morales v. State*, Docket No. 54216 (Order of Affirmance, July 15, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a postconviction petition for a writ of habeas corpus on the merits, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition. *See* NRS 34.810(1)(b)(2); NRS 34.810(2); *see also Morales v. State*, Docket No. 62886 (Order Affirming in Part, Reversing in Part and Remanding, July 30, 2014) (remanding for evidentiary hearing on two claims in first petition); *Morales v. State*, Docket No. 71893 (Order Affirming in Part, Reversing in Part and Remanding, February 15, 2018) (resolving remaining claims in first petition

SUPREME COURT
OF
NEVADA

(O) 1947A

21-04486

and remanding for proceedings to vacate the conviction for Count 3).[1] Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition, *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003), and prejudice is shown by demonstrating that any error worked to the petitioner's actual and substantial disadvantage. *Hogan v. Warden*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2). Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred and barred by laches for the reasons discussed below.

Appellant first argues that *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause because his trial counsel conceded his guilt without his informed consent. He is mistaken, as *McCoy* is distinguishable. *McCoy* held that an attorney may not concede a defendant's guilt of a charged crime over a defendant's express objection. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession strategy. *Id.* (quoting *Florida v. Nixon*, 543 U.S. 175, 181 (2004)). *McCoy*

---

[1]An amended judgment of conviction was entered on June 20, 2018, vacating the conviction for Count 3.

did not hold that a defendant must expressly consent to a concession or that a canvass must precede a concession. *See id.*

Here, trial counsel conceded appellant's guilt to two of the charges involving the pharmacy. Before opening statements, the district court canvassed appellant about the concession, specifically informing appellant that he faced mandatory prison time based on one of the charges and that it would be highly improbable that the jury would return anything but a guilty verdict on those charges if counsel conceded them. Appellant consented to the concession and indicated it was made with his full understanding. Appellant did not object to the concession strategy. Because appellant never opposed the concession strategy, *McCoy* is distinguishable and does not provide good cause. We therefore need not decide whether *McCoy* applies retroactively. And, to the extent that appellant argues that trial counsel did not adequately advise him of the consequences of the concession strategy, *McCoy* likewise does not provide good cause. *McCoy* addressed "a client's autonomy, not counsel's competence," 138 S. Ct. at 1510, and any claims challenging trial counsel's advice could have been raised in appellant's first, timely petition based on *Nixon.*[2]

Next, appellant argues that ineffective assistance of first postconviction counsel provides good cause. We have held that ineffective assistance of postconviction counsel does not constitute good cause in a noncapital case, *see, e.g., Brown v. McDaniel,* 130 Nev. 565, 331 P.3d 867

[2]Notably, *McCoy* did not alter the holding in *Nixon. McCoy,* 138 S. Ct. at 1509.

(2014); *Crump v. Warden*, 113 Nev. 293, 303 n.5, 934 P.2d 247, 253, n.5 (1997); *McKague v. Warden*, 112 Nev. 159, 163-65, 912 P.2d 255, 258 (1996), and we decline appellant's request to reconsider our prior decisions. To the extent that appellant argues that his trial and appellate counsel were ineffective in not challenging Count 9, those claims could have been raised in a timely petition and do not provide good cause. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506 ("[I]n order to constitute adequate cause, the ineffective assistance of counsel claim itself must not be procedurally defaulted."). Thus, the district court did not err in rejecting these good cause arguments.

Appellant next argues that the 2018 amended judgment of conviction restarted the clock for filing a timely postconviction habeas petition. Appellant is mistaken. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004) (explaining that entry of an amended judgment of conviction does not restart the one-year period for filing a timely postconviction habeas petition but may provide good cause to present postconviction claims relating to the amendment at issue); *see generally Jackson v. State*, 133 Nev. 880, 881-82, 410 P.3d 1004, 1006 (Ct. App. 2017) (recognizing that an amended judgment of conviction is substantively appealable, but that the scope of the appeal is limited to issues related to the amendment). Thus, the district court did not err in rejecting this argument.

In a related argument, appellant contends that the amended judgment of conviction provides good cause to present a claim based on improper joinder of charges because the factual basis for the claim changed when the judgment of conviction was amended to vacate Count 3. We

disagree. The fact that the judgment was amended to vacate one conviction due to limitations on dual convictions for false imprisonment and robbery does not support a claim that the charges were improperly or prejudicially joined. NRS 173.115(1); NRS 174.165(1); *Farmer v. State*, 133 Nev. 693, 696-700, 405 P.3d 114, 118-121 (2017) (discussing joinder). Thus, the amended judgment of conviction did not provide good cause to litigate a joinder claim in an untimely and successive petition.

Appellant next argues that the amended judgment of conviction provides good cause to litigate a claim relating to the remedy provided for the appellate-counsel claim that this court determined had merit in Docket No. 71893. Appellant argues that this court should have ordered a new sentencing hearing when it determined that the conviction for Count 3 had to be vacated due to the ineffective assistance of appellate counsel. That argument could have been raised in a rehearing petition in the prior appeal, and as noted earlier, ineffective assistance of postconviction counsel in a noncapital habeas proceeding is not good cause. Regardless, appellant has not demonstrated prejudice. He has not provided any cogent argument to support the idea that a new sentencing hearing is required when this court determines in postconviction proceedings that a single count in a judgment of conviction should be vacated due to ineffective assistance of appellate counsel. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (explaining that it is appellant's responsibility to provide relevant authority and cogent argument). And we are not convinced that Count 3 had any significant impact on the trial court's sentencing decision with respect to the other convictions given the overall sentencing structure in the original

SUPREME COURT
OF
NEVADA

(O) 1947A

judgment of conviction. Thus, appellant did not demonstrate he was prejudiced.

Appellant's petition was further barred by laches. The State pleaded laches, and prejudice was presumed based on the more-than-five-year period from the decision on direct appeal. NRS 34.800(2). Appellant has not overcome the presumption of prejudice to the State. *See* NRS 34.800 (requiring a petitioner to demonstrate a fundamental miscarriage of justice when the State is prejudiced in its ability to conduct a retrial and lack of knowledge or exercise of reasonable diligence when the State is prejudiced in responding to the petition); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (recognizing that fundamental miscarriage of justice requires a showing of actual innocence).

For these reasons, we conclude that the district court correctly applied the mandatory procedural bars and did not abuse its discretion in applying statutory laches. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005). We further conclude the district court did not abuse its discretion in declining to conduct an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (providing that an evidentiary hearing is required when a claim is supported by specific facts that, if true and not belied by the record, would entitle the petitioner to relief). Finally, we conclude that the district court did not abuse its discretion in allowing the prevailing party (here, the State) to draft the order resolving the petition. *See Byford v. State*, 123 Nev. 67, 69-70, 156 P.3d 691, 692-693 (2007). We reject appellant's argument that allowing the State to draft an order resolving a habeas corpus petition violates the separation of powers

doctrine. In doing so the State is not exercising judicial powers as the court directs the content of the disposition and determines whether the drafted order adequately represents its decision, and the drafted order has no effect unless signed by the judge and entered by the clerk. *See Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 688, 747 P.2d 1380 1382, (1987).

Having concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Tierra Danielle Jones, District Judge
      Federal Public Defender/Las Vegas
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk