## MICHAEL E. COLLEY, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 18906

May 19, 1989                                        773 P.2d 1229

*Herman G. Herbig,* Carson City, for Appellant.

*Brian McKay,* Attorney General, *Noel S. Waters,* District Attorney, and *Keith Loomis,* Deputy District Attorney, Carson City, for Respondent.

# OPINION

*Per Curiam:*

This court affirmed Michael Colley's convictions for attempted murder and battery with intent to commit sexual assault in January 1982. Subsequently, Colley filed a petition for habeas corpus relief in the federal district court, which rejected his claim. After the Ninth Circuit Court of Appeals upheld the district court's decision, the United States Supreme Court denied certiorari in October 1986.

After Colley filed a petition for post-conviction relief in September 1987, the district court dismissed the petition as untimely. Colley argues that his pursuit of habeas corpus relief in the federal courts constituted good cause for his failure to file his petition for post-conviction relief within the one year statutory deadline. Colley's contention lacks merit.

Colley filed his petition for post-conviction relief over five

years after this court affirmed his conviction. According to NRS 177.315(3), a person seeking post-conviction relief must file his petition within one year after the resolution of his appeal, unless there is good cause shown for a delay. In this appeal, Colley argues that he had good cause for failing to meet the one year filing deadline imposed by NRS 177.315(3). He contends that because he was pursuing his federal habeas corpus remedy between 1982 and 1986, he appropriately refrained from filing a petition for post-conviction relief in state court during that time. We disagree.

Generally, "good cause" means a "substantial reason; one that affords a legal excuse." State v. Estencion, 625 P.2d 1040, 1042 (Haw. 1981). Appellate courts will not disturb a trial court's discretion in determining the existence of good cause except for clear cases of abuse. *Id.*

At some point, we must give finality to criminal cases. Darnell v. State, 98 Nev. 518, 521, 654 P.2d 1009, 1011 (1982). Should we allow Colley's post-conviction relief proceeding to go forward, we would encourage offenders to file groundless petitions for federal habeas corpus relief, secure in the knowledge that a petition for post-conviction relief remained indefinitely available to them. This situation would prejudice both the accused and the State since the interest of both the petitioner and the government are best served if post-conviction claims are raised while the evidence is still fresh. 28 U.S.C. § 2254, Rule 9, Advisory Committee Note (1976).

Thus, in the instant case, the necessity for the orderly administration of justice required the district court to deny Colley's untimely petition for post-conviction relief. *See* Francis v. Henderson, 425 U.S. 536, 539 (1976) (holding that in some circumstances, considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forego the exercise of its habeas corpus power). Therefore, the district court did not abuse its discretion when it dismissed Colley's petition. Accordingly, we affirm the district court's decision.