An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAFET CHAVEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59445

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed his petition on July 2, 2011, more than two years after entry of the judgment of conviction on September 5, 2008.[1] Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. See NRS 34.726(1). Good cause must be an impediment external to the defense and must afford a legal excuse. Hathaway v. State, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. Hargrove v. State, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

---

[1]No direct appeal was taken.

SUPREME COURT
OF
NEVAOA

(O) 1947A

13-07737

Appellant argues that the district court erred in dismissing his petition as procedurally barred without allowing appellant the opportunity to oppose the State's motion to dismiss or conducting an evidentiary hearing to allow appellant to demonstrate good cause to excuse the procedural time bar. Appellant fails to demonstrate he is entitled to relief.

Appellant has the burden of pleading facts to demonstrate good cause in his petition. See State v. Haberstroh, 119 Nev. 173, 181, 69 P.3d 676, 681 (2003). Appellant stated in his petition that he filed it more than one year after entry of the judgment of conviction because the federal court had told him to return to state court to exhaust his claims. Exhaustion of state remedies in order to seek federal court review is insufficient to demonstrate cause to excuse the delay. See Colley v. State, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989). As appellant failed to plead facts demonstrating good cause in his petition, the district court did not err in dismissing the petition without allowing appellant additional opportunities to overcome the procedural bar.[2] Therefore, the district court did not err in dismissing the petition as procedurally barred without conducting an evidentiary hearing.

Appellant also asserts that the State did not serve him with a copy of its motion to dismiss the petition. However, the State's motion contained a certificate of service, certifying that the State served appellant via the U.S. mail at the address listed on appellant's petition on July 7, 2011. Accordingly, appellant fails to demonstrate that the State failed to properly serve the motion. See NRCP 5(b)(4) ("Proof of service may be

---

[2]The district court granted appellant an extension of time to oppose the State's motion to dismiss, yet appellant did not file an opposition.

made by certificate of an attorney or of the attorney's employee."); see also NRS 34.780(1) (stating that the Nevada Rules of Civil Procedure apply to proceedings for post-conviction petitions for a writ of habeas corpus to the extent they are not inconsistent with NRS Chapter 34).[3]

Next, appellant argues that failure to consider the merits of his claims would result in a fundamental miscarriage of justice. Appellant did not raise this claim before the district court, and therefore, we decline to consider this claim in the first instance. See Davis v. State, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), overruled on other grounds by Means v. State, 120 Nev. 1001, 1012-13, 103 P.2d 25, 33 (2004). We therefore conclude that the district court did not err in dismissing appellant's petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[3]It appears that appellant received the State's motion to dismiss, as appellant filed a motion seeking an enlargement of time to oppose the State's motion to dismiss.

cc:   Hon. Valorie J. Vega, District Judge
Leavitt Law Firm
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk