An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOE KELLY ARMSTEAD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62258

FILED

JUN 13 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed his petition on August 10, 2012, more than six years after issuance of the remittitur on direct appeal on February 21, 2006. *Armstead v. State*, Docket No. 45255 (Order of Affirmance, January 25, 2006). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus on the merits, and it constituted an abuse of the writ as he raised several claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See*

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Armstead v. State*, Docket No. 49485 (Order of Affirmance, September 7, 2007).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17399

NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant first claimed that he had good cause because he had been challenging his conviction in federal proceedings. We conclude that the district court did not err in denying this claim. The pursuit of federal habeas relief does not constitute good cause to excuse a late and successive petition in Nevada. *See Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989).

Appellant next claimed that he had good cause because he was not represented by counsel during the first post-conviction proceedings. Appellant claimed that the decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), provided good cause because the lack of assistance of post-conviction counsel prevented him from complying with post-conviction procedures. We conclude that the district court did not err in denying this claim. Appellant's reliance upon *Martinez* was misplaced as *Martinez* relates to federal procedural bars and not state procedural bars. Thus, the holding in *Martinez* would not provide good cause because it is inapplicable in state court. Further, as appellant never requested counsel in the first post-conviction proceedings, he cannot complain of the failure to appoint counsel in those proceedings. Finally, appellant failed to overcome the presumption of prejudice to the State. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Valorie J. Vega, District Judge
Joe Kelly Armstead
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk