An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WILLIAM P. CASTILLO,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 56176<br><br>**FILED**<br><br>JUL 1 8 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying appellant William P. Castillo's second post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

A jury convicted Castillo of first-degree murder with the use of a deadly weapon and six other felonies in the killing of Isabelle Brendt. The jury sentenced Castillo to death, and this court affirmed the conviction and sentence. *Castillo v. State*, 114 Nev. 271, 956 P.2d 103 (1998). Castillo unsuccessfully sought relief in a prior post-conviction proceeding. *Castillo v. State*, Docket No. 40982 (Order of Affirmance, February 5, 2004). Castillo filed the instant petition in the district court on September 18, 2009. The district court denied the petition as procedurally barred, and this appeal followed.

Castillo argues that the district court erred by denying his petition as untimely and successive without conducting an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984) (concluding that to warrant an evidentiary hearing, a petitioner must

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21110

raise claims that are supported by specific factual findings that are not belied by the record and, if true, would entitle him to relief). He further contends that even if he cannot demonstrate good cause to overcome the applicable procedural bars, the district court erred by denying his petition because the failure to consider it on the merits resulted in a fundamental miscarriage of justice.

*Procedural bars*

Because Castillo filed his petition ten years after the remittitur issued in his direct appeal, *Castillo v. State*, 114 Nev. 271, 956 P.2d 103 (1998), the petition was untimely under NRS 34.726(1). The petition was also successive because he previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[1] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). The petition was therefore procedurally barred absent a demonstration of good cause and prejudice. NRS 34.726(1); NRS 34.810(3).

As cause to overcome the procedural default-rules, Castillo advances three arguments: (1) his first post-conviction counsel was ineffective; (2) the inconsistent and discretionary application of procedural bars prohibits their use to deny him relief; and (3) any delay was not his fault.

*Ineffective assistance of first post-conviction counsel*

---

[1]*Castillo v. State*, Docket No. 40982 (Order of Affirmance, February 5, 2004).

Castillo argues that the district court erred by denying his petition as procedurally barred because his first post-conviction counsel was ineffective for failing to adequately investigate mitigation evidence presented at the penalty phase. While post-conviction counsel's ineffectiveness may constitute good cause to file claims in an untimely and successive petition, those claims are subject to NRS 34.726(1), *State v. Eighth Judicial District Court (Riker)*, 121 Nev. 225, 235, 112 P.3d 1070, 1077 (2005); *Pellegrini v. State*, 117 Nev. 860, 869-78, 34 P.3d 519, 525-31 (2001), and must be raised within a reasonable time after they become available, *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Here, Castillo's post-conviction-counsel claims became available, at the latest, once this court resolved the appeal from the denial of his first post-conviction petition. Yet, he waited nearly five years after the remittitur issued from that appeal to file the instant petition. Therefore, his claims of ineffective assistance of post-conviction counsel are procedurally barred and cannot serve as good cause for the delay in filing his petition. *See Stewart v. LaGrand*, 526 U.S. 115, 120 (1999) (concluding that ineffective-assistance-of-counsel claim failed as good cause because the ineffective-assistance claim was itself procedurally defaulted); *Hathaway*, 119 Nev. at 252, 71 P.3d at 506 ("[T]o constitute adequate cause, the ineffective assistance of counsel claim itself must not be procedurally defaulted."); *Riker*, 121 Nev. at 235, 112 P.3d at 1077; *Pellegrini*, 117 Nev. at 869-70, 34 P.3d at 526. Therefore, the district court did not err in denying this claim without an evidentiary hearing.

*Challenge to the application of the procedural bars*

Castillo argues that the district court erred by denying his post-conviction petition as procedurally barred because the default rules are discretionary and this court inconsistently applies them. Contrary to Castillo's argument, we have held that procedural-default rules are mandatory, *see Clem v. State*, 119 Nev. 615, 623 n.43, 81 P.3d 521, 527 n.43 (2003); *Pellegrini*, 117 Nev. at 886, 34 P.3d at 536, and have rejected claims that we have discretion to ignore them, *Riker*, 121 Nev. at 236, 238-39, 112 P.3d at 1077, 1079. Similarly, we have rejected claims that we inconsistently apply procedural default rules. *Id.* at 236, 112 P.3d at 1077. Even assuming any inconsistent application, we have rejected claims that any prior inconsistency excuses procedural default in other cases. *Id.* Therefore, the district court did not err in denying this claim without an evidentiary hearing.

*Fault*

Castillo argues that the district court erred by denying his petition as procedurally barred because NRS 34.726 does not apply to him, as the delay in filing the petition was not his fault but rather counsel's. In this, he contends that the plain language of NRS 34.726(1) evinces the Legislature's intent that petitioner himself must act or fail to act to cause delay. We reject Castillo's interpretation. We have held that NRS 34.726 requires "a petitioner [to] show that an impediment external to the defense prevented him or her from complying with the state procedural default rules." *Hathaway*, 119 Nev. at 252, 71 P.3d at 506. This language contemplates that the delay in filing a petition must be caused by a circumstance not within the actual control of the defense team as a whole, not solely the defendant. Accepting Castillo's interpretation ascribes a

meaning to this statute not contemplated by the Legislature and would eviscerate NRS 34.726—as long as the defendant is represented by counsel (appointed or retained), the defendant would have good cause to file an untimely petition. Moreover, even if we accepted Castillo's construction of NRS 34.726(1), he waited nearly five years after this court resolved his appeal concerning his first post-conviction petition to file the instant petition, and the only explanation for the delay is that he was seeking relief in federal court. The election to go to federal court prior to pursuing state remedies does not provide good cause to excuse the procedural bars. *See Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989).

Further, Castillo's claim that *Colley* should not apply to him because he suffers from neurological and psychological disorders is not persuasive for two reasons. First, Castillo filed his prior petition in proper person, and he fails to demonstrate why his alleged neurological and psychological disorders prevented him from filing his second petition in the same manner. Second, Castillo has been continuously represented by counsel since at least 2004, and he fails to demonstrate how his alleged neurological and psychological disorders prevented counsel from filing the petition in a timely manner. Therefore, the district court did not err in denying this claim without an evidentiary hearing.

*Fundamental miscarriage of justice*

Castillo argues that even if he cannot demonstrate good cause to overcome the procedural bars, the district court's failure to consider his post-conviction petition on the merits resulted in a fundamental miscarriage of justice because he is actually innocent of first-degree murder under this court's decision in *Byford v. State*, 116 Nev. 215, 994

P.2d 700 (2000), regarding the first-degree murder instruction.[2] We disagree. In *Byford*, this court disapproved of the commonly-known *Kazalyn*[3] instruction and provided the district courts with instructions to use in the future. *Id.* at 233-37, 994 P.2d at 712-15. However, we concluded in *Nika v. State*, that *Byford* does not apply to cases that were final when it was decided. 124 Nev. 1272, 1276, 198 P.3d 839, 842 (2008). Castillo's conviction was final before *Byford* was decided and therefore *Byford* does not apply.

Castillo acknowledges *Nika* but argues that the decision ignores the constitutional vagueness arguments attendant to the *Kazalyn* instruction and failed to determine whether *Byford* should apply retroactively as a substantive rule of criminal law. We disagree. Until *Byford*, this court consistently upheld the *Kazalyn* instruction and rejected constitutional challenges similar to Castillo's. *Byford* did not alter the law in effect when Castillo's conviction became final; rather, it changed the law prospectively. And because that change concerned a matter of state law, the *Byford* decision did not implicate federal constitutional concerns.

---

[2]Castillo also appears to argue that it would be a fundamental miscarriage of justice if this court did not consider his claim that if the additional mitigation evidence presented in the post-conviction proceedings had been presented at trial, the jury would have concluded that the mitigation evidence would have outweighed the aggravating circumstances and he would not have been sentenced to death. However, this claim is conclusory and not sufficiently developed to warrant relief. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

[3]*Kazalyn v. State*, 108 Nev. 67, 75, 825 P.2d 578, 583 (1992).

Further, Castillo's claim that the use of the *Kazalyn* instruction in this case resulted in a fundamental miscarriage of justice because the jury would have found him guilty of second-degree murder rather than first-degree murder lacks merit. In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence—factual innocence, not legal innocence. *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Castillo's claim relating to the jury instructions is not a claim regarding factual innocence and he fails to demonstrate that, had the jury not received the *Kazalyn* instruction, "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon*, 523 U.S. at 559 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Beyond those hurdles to his actual-innocence claim, the underlying idea that Castillo would not have been convicted of first-degree murder but for the *Kazalyn* instruction is fundamentally flawed. Castillo was charged with first-degree murder based on two theories: that the murder was committed in the perpetration or attempted perpetration of two felonies (burglary and robbery) and that the murder was willful, deliberate, and premeditated. The evidence supported a conclusion that Castillo murdered Berendt during the perpetration of a burglary and robbery, and he was convicted of burglary and robbery. The evidence also supported a finding that the murder was premeditated and deliberate— Castillo entered Berendt's home with a tire iron, hit the sleeping 86-year-old woman with the tire iron, and then smothered her with a pillow. Because there was substantial evidence that Castillo was guilty of first-

degree murder under both the felony-murder theory and premeditation theory, he could not demonstrate even legal innocence based on the *Kazalyn* instruction. Therefore, the district court did not err in denying this claim without an evidentiary hearing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____

[4]The Honorable Nancy Saitta voluntarily recused herself from participation in the decision of this matter.

cc:     Hon. David B. Barker, District Judge
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A