An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

STERLING ATKINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60756

**FILED**

APR 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Sterling Atkins' post-conviction petition for a writ of habeas corpus in a death penalty case. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

This court issued its remittitur from Atkins' direct appeal on April 3, 1997, *see Atkins v. State*, 112 Nev. 1122, 923 P.2d 1119 (1996), and Atkins filed the instant post-conviction petition for a writ of habeas corpus on November 4, 2009. Because the petition was filed more than one year after this court issued its remittitur, the district court denied it as untimely based on NRS 34.726(1). The district court also concluded that the petition was successive because Atkins had previously filed a post-conviction petition for a writ of habeas corpus and constituted an abuse of the writ because he raised claims new and different from those raised in his previous petition. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). And, because the State specifically pleaded laches, the district court concluded that Atkins was required to overcome the rebuttable presumption of prejudice to the State. *See* NRS 34.800(2). Without conducting an evidentiary hearing, the district court determined that Atkins failed to

demonstrate good cause to excuse the procedural bars, *see* NRS 34.726(1); NRS 34.810(3), and dismissed his petition.

Atkins contends that the district court erred by concluding that he failed to demonstrate good cause and by doing so without conducting an evidentiary hearing. When reviewing a district court's determination regarding good cause, we give deference to its factual findings but review its legal conclusions de novo. *State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012), *cert. denied*, 568 U.S. ___, 133 S. Ct. 988 (2013). A petitioner is entitled to an evidentiary hearing if he "asserts specific factual allegations that are not belied or repelled by the record and that, if true, would entitle him to relief." *Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

First, Atkins contends that the district court erred by concluding that post-conviction counsel's ineffectiveness did not constitute good cause to excuse the procedural bars. We disagree. Although the ineffective assistance of post-conviction counsel may provide cause to file a successive petition where, as here, the appointment of post-conviction counsel was mandated by NRS 34.820(1), *McKague v. Warden*, 112 Nev. 159, 164-65, 912 P.2d 255, 258 (1996), the claim must be raised in a timely fashion. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Because the instant petition was filed more than seven years after this court resolved the appeal involving his first post-conviction petition, *see Atkins v. State*, Docket No. 37292 (Order of Affirmance, May 14, 2002), and Atkins failed to demonstrate how post-conviction counsel's deficiencies precluded him from filing the instant petition within a reasonable time, we conclude that the district court did not err by determining that this ground was insufficient to excuse the procedural bars.

Second, Atkins contends that the district court erred by concluding that his low intelligence did not constitute good cause to excuse the procedural bars. We disagree. Atkins filed his first, timely petition in proper person, which belies any suggestion that his low intelligence precluded him from filing a petition within a reasonable time. But regardless, a petitioner's low intelligence is not an impediment external to the defense and is not sufficient cause to excuse the procedural bars, *Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988). We conclude that the district court did not err by determining that this ground was insufficient to excuse the procedural bars.

Third, Atkins contends that the district court erred by concluding that his pursuit of relief in federal court did not constitute good cause to excuse the procedural bars. We conclude that the district court did not err by determining that this ground was insufficient to excuse the procedural bars. *See Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989), *abrogated by statute on other grounds as recognized by Huebler*, 128 Nev. at ___, n.2, 275 P.3d at 95 n.2.

Fourth, Atkins contends that the district court erred by concluding that the holding in *Crawford v. Washington*, 541 U.S. 36 (2004), which was announced after he filed his first petition, did not constitute good cause to excuse the procedural bars. We disagree for two reasons. First, Atkins filed the instant petition almost five years after *Crawford* was announced, and therefore failed to raise this claim in a reasonable time. *See Hathaway*, 119 Nev. at 252-53, 71 P.3d at 506. Second, *Crawford* does not apply retroactively on collateral review of a conviction, such as Atkins', that was final before *Crawford* was decided.

*Whorton v. Bockting*, 549 U.S. 406, 417 (2007). We conclude that the district court did not err by determining that this ground was insufficient to excuse the procedural bars.

Because the district court correctly concluded that Atkins failed to demonstrate good cause and that he was not entitled to an evidentiary hearing, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                    Hardesty

_____, J.          _____, J.
Parraguirre                  Douglas

_____, J.          _____, J.
Cherry                       Saitta

cc:   Hon. Jennifer P. Togliatti, District Judge
      Marc Picker
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk