An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK ANTHONY HANSON,
Appellant,
vs.
JACK PALMER, WARDEN,
Respondent.

No. 62033

FILED

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus.[1] Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

Appellant filed his petition on October 11, 2006, more than five years after issuance of the remittitur on direct appeal on February 22, 2001. *Hanson v. State*, Docket No. 34156 (Order of Affirmance, November 14, 2000). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus and the prior determination was on the merits.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Hanson v. Warden*, Docket No. 40665 (Order of Affirmance, December 19, 2003).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30719

demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant claimed that his appellate and previous post-conviction counsel did not properly raise and exhaust two claims, which did not allow him to proceed in federal court on those two claims. That counsel for appellant did not exhaust state remedies in appellant's earlier court proceedings did not demonstrate that there was an impediment external to the defense that should excuse the procedural bars. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003); *see also Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989). Further, appellant's argument regarding post-conviction counsel as good cause lacked merit as appellant had no statutory right to post-conviction counsel, and thus the ineffective assistance of post-conviction counsel does not provide good cause for a successive and untimely petition. *See McKague v. Warden*, 112 Nev. 159, 164-65 & n.5, 912 P.2d 255, 258 & n.5 (1996); *Crump v. Warden*, 113 Nev. 293, 303 & n.5, 934 P.2d 247, 253 & n.5 (1997); *see also Brown v. McDaniel*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 60, August 7, 2014) (explaining that post-conviction counsel's performance does not constitute good cause to excuse the procedural bars unless the appointment of post-conviction counsel was mandated by statute); *Coleman v. Thompson*, 501 U.S. 722, 755-757 (1991) (holding that petitioner did not have a "constitutional right to counsel on appeal from the state habeas trial court judgment" and that a claim of ineffective assistance of counsel during state habeas appellate proceedings does not constitute cause to excuse the procedural defects).

Finally, appellant failed to overcome the presumption of prejudice to the State. Therefore, the district court did not err in dismissing the petition as procedurally barred and barred by laches. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

Although I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence, *see Brown v. McDaniel*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014) (Cherry, J., dissenting), I concur in the judgment on appeal in this case because the State pleaded laches

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter and the State's opposition to appellant's motion to vacate conviction, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

under NRS 34.800(2) and appellant failed to rebut the presumption of prejudice to the State.

_____Cherry_____, J.
Cherry

cc:  Hon. Nancy L. Porter, District Judge
     Mark Anthony Hanson
     Attorney General/Carson City
     Elko County District Attorney
     Elko County Clerk