An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

OMAR TERRELL TAYLOR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59996

FILED

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant filed his petition on May 20, 2011, more than 13 years after entry of the judgment of conviction on September 2, 1997.[1] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Accordingly, appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and actual prejudice. *See* NRS 34.726(1). Cause for the delay must be an "impediment external to the defense." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2). The district court found that appellant failed to demonstrate good cause or overcome the presumption of prejudice, and thus denied the petition as untimely and as barred by laches.

---

[1]No direct appeal was taken from the judgment of conviction.

14-30777

On appeal, appellant first argues that the district court erred in finding that appellant's mental illness and psychotropic medications did not constitute good cause. We disagree. Appellant raised this same claim in a prior post-conviction habeas petition in an attempt to overcome the procedural bars, and this court concluded that "[a]ny alleged incompetence was not good cause to excuse the almost ten-year delay in the filing of this petition." *Taylor v. State*, Docket No. 50602 (Order of Affirmance, April 18, 2008) (citing *Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988)). Thus, this claim is barred by the doctrine of the law of the case. *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). Appellant acknowledges that this claim was previously raised but contends that it should be revisited because he only recently obtained the prison medical records that allowed him to support the claim with more detailed and specific allegations. The doctrine of the law of the case, however, cannot be avoided by a "more detailed and precisely focused argument." *Id.* at 316, 535 P.2d at 799. Further, even if appellant could overcome the doctrine of the law of the case because of substantially new or different evidence discovered, *see Hsu v. Cnty. of Clark*, 123 Nev. 625, 630, 173 P.3d 724, 729 (2007), he failed to raise this claim within a reasonable time of obtaining the medical records, *cf. Hathaway*, 119 Nev. at 254-55, 71 P.3d at 507-08. Appellant obtained the medical records in 2008 when he was appointed counsel in federal court, but he waited approximately three years to file the instant petition. To the extent that appellant attempts to argue that the delay was due to his pursuit of relief in federal court and that he filed the instant petition within a reasonable time after the federal court determined that his claims were unexhausted, he has failed to demonstrate good cause. *See Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989). Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant argues that official interference provided good cause to excuse the untimeliness of his petition. He asserts that he was prevented from filing a timely petition because the prison placed him in a mental health unit and mental health seclusion on numerous occasions from 1997 to 2002 and on at least four occasions from 2003 to 2008. He also contends that the prison failed to properly treat his mental illness from 1997 until 2008, the year that he filed a petition for habeas relief in federal court. Appellant does not explain why he could not have raised this claim of official interference in his earlier post-conviction petitions. Further, even assuming that these allegations support official interference, appellant waited approximately three years before filing the instant post-conviction petition in state court and fails to demonstrate that this three-year delay was reasonable. *Cf. Hathaway*, 119 Nev. at 254-55, 71 P.3d at 507-08. His pursuit of relief in federal court does not constitute good cause. *See Colley*, 105 Nev. at 236, 773 P.2d at 1230. Therefore, we conclude that the district court did not err in denying this claim.

Third, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argues that he had good cause because he was not appointed counsel in the first post-conviction proceedings. We conclude that this argument lacks merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant has failed to demonstrate an abuse of discretion or provide an explanation for why he could not have raised this claim earlier. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this untimely petition.

Finally, appellant argues that the district court erred in finding that the State would be prejudiced by consideration of the petition. He asserts that he would be the party prejudiced by the passage of time because it is his burden to prove his claims of ineffective assistance of counsel. We conclude that appellant has failed to demonstrate that the district court abused its discretion in finding that the petition was barred by the doctrine of laches because he did not overcome the presumption of prejudice to the State. *See* NRS 34.800(2). Thus, because the petition was untimely and appellant failed to demonstrate good cause or overcome the presumption of prejudice, the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

Although I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence, *see Brown v. McDaniel*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014) (Cherry, J., dissenting), I concur in the judgment on appeal in this case because the State pleaded laches under NRS 34.800(2) and appellant failed to rebut the presumption of

prejudice to the State.

_Cherry_                    , J.
Cherry

cc:    Hon. Michael Villani, District Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk