An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES JOSEPH MAKI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66144

FILED

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

Appellant filed his petition on December 30, 2013, 18 years after issuance of the remittitur on direct appeal on October 24, 1995. *See Maki v. State*, Docket No. 26049 (Order Dismissing Appeal, October 4, 1995). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40402

from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

To the extent appellant suggested that his procedural bars should be excused because he needed to exhaust his claims for federal review, his claim lacked merit. Filing a procedurally barred petition for exhaustion purposes is not good cause because appellant's claims were reasonably available to be raised in a timely petition. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003); *see also Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989).

To the extent that appellant claimed that the ineffective assistance of counsel provided good cause to excuse his procedural defects, this claim similarly lacked merit. A claim of ineffective assistance of trial or appellate counsel that is itself procedurally barred cannot constitute good cause to excuse a procedural defect. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506, and "noncapital petitioners have no right to the effective assistance of counsel in post-conviction proceedings," *Brown v. McDaniel*, 130 Nev. ___, ___, 331 P.3d 867, 871 (2014).

Finally, to the extent appellant suggested that the State's violation of *Brady v. Maryland*, 373 U.S. 83 (1963), provided good cause to excuse the procedural bars, his claim lacked merit. Demonstrating a

---

[2]*Maki v. State*, Docket No 30904 (Order of Affirmance, October 10, 2000).

meritorious *Brady* claim may also demonstrate good cause. *See State v. Huebler*, 128 Nev. ___, ___ & n.3, 275 P.3d 91, 95 & n.3 (2012). However, appellant's *Brady* claim was a bare allegation devoid of specific facts and thus could not have allowed for relief. *Cf. Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

For the foregoing reasons, we conclude that the district court did not err in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

cc:    Hon. Lidia Stiglich, District Judge
       Charles Joseph Maki
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.