An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILIP M. DREYFUSS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64870



**FILED**

NOV 1 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant filed his petition on May 4, 2012, more than one and a half years after issuance of the remittitur on direct appeal on October 25, 2010. *Dreyfuss v. State*, Docket No. 53376 (Order of Affirmance, September 28, 2010). Appellant's petition was therefore untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1).

Appellant argues that the district court erred in denying his petition as procedurally barred without first conducting an evidentiary hearing on his good-cause claim. To warrant an evidentiary hearing, a petitioner's claims must be supported by specific factual allegations that, if true and not repelled by the record, would demonstrate good cause. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Appellant claims that he discovered new impeachment evidence on July 13, 2011, more than three months before the deadline for filing a timely

15-34624

postconviction habeas petition. Appellant's claims were therefore reasonably available to be raised in a timely petition.

Further, appellant has not demonstrated that any "impediment external to the defense prevented him" from filing a timely petition. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Appellant's argument that it was counsel's fault is unavailing as counsel is clearly part of "the defense." Nor was the filing of the motion for new trial good cause because it did not prevent the filing of a timely postconviction habeas petition. *Cf. Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989) (holding that choosing to pursue federal habeas relief first is not good cause for a delay in pursuing state postconviction relief). Finally, the State's actions did not impede appellant's ability to file a timely postconviction petition. Although the State did not seek a writ to prohibit the district court from conducting an evidentiary hearing on the motion for new trial until after the filing deadline for a timely petition, it had announced its intention to seek a writ at a hearing on August 10, 2011, more than two months before the deadline. Further, the State's suggestion at the August 3, 2011, hearing that a postconviction habeas petition was the appropriate remedy did not bar the State from subsequently seeking to dismiss the petition as procedurally barred where, even had the State made any representation about procedural bars, their application is mandatory. *State v. Eighth Judicial Dist. Court*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005); *see also State v. Haberstroh*, 119 Nev. 173, 181, 69 P.3d 676, 682 (2003) (holding that parties may not stipulate to disregard procedural bars).

For the foregoing reasons, we conclude that the district court did not err in denying the petition as procedurally barred without first conducting an evidentiary hearing, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc: Hon. David B. Barker, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk