An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

GORDON MICHAEL CAREY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68014



FILED

DEC 18 2015

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Gordon Carey's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge. The district court denied the petition without conducting an evidentiary hearing.

Carey filed his petition on March 29, 2013, more than three years after remittitur issued from his direct appeal on September 22, 2009. *Carey v. State*, Docket No. 51947 (Order of Affirmance, August 25, 2009). Thus, his petition was untimely filed, *see* NRS 34.726(1), and therefore was procedurally barred absent a demonstration of good cause and prejudice. *See id.* Moreover, because Carey pleaded guilty, his petition was subject to limitations set forth in NRS 34.810(1)(a).

15-38771

Carey contends that the district court erred by denying his petition because it was timely filed.[1] This contention lacks merit. *See* NRS 34.726(1) (explaining that a petition that challenges the validity of a judgment or sentence must be filed within one year after entry of the judgment of conviction or, if an appeal has been taken to a Nevada appellate court, within one year after remittitur is issued). We reject Carey's argument that we should construe his petition as timely, despite the unequivocal language in NRS 34.726, because it was filed within one year after he was denied relief in the federal courts. *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory."). Similarly, we reject Carey's argument that we should consider his pursuit of federal remedies as good cause for the untimely filing. We note that these are not issues of first impression. *See, e.g., Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989).

We also reject Carey's assertion that the district court abused its discretion by declining to consider his supplemental petition. *See* NRS 34.750(5); *State v. Powell*, 122 Nev. 751, 758, 138 P.3d 453, 458 (2006) (recognizing that district courts are vested with broad discretion regarding supplemental pleadings in postconviction cases). The supplement did not allege or demonstrate good cause and prejudice, which were essentially the only relevant issues in this case given that appellant's pro se petition

---

[1]Carey also argues that the order denying his petition is deficient. We disagree. Although the order did not address the merits of Carey's underlying claims, it was not required to do so because the petition was procedurally barred.

was clearly untimely. *See State v. Haberstroh*, 119 Nev. 173, 181, 69 P.3d 676, 681 (2003) (recognizing that an appellant is required to allege good cause and prejudice on the face of the petition). Therefore, even assuming that the district court abused its discretion, no relief would have been warranted.

Having considered Carey's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Elliott A. Sattler, District Judge
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk