# IN THE SUPREME COURT OF THE STATE OF NEVADA

DENNIS K. KIEREN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70801

FILED

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying, as procedurally barred, appellant Dennis Kieren's December 17, 2015, postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Kieren argues that he demonstrated good cause and actual prejudice to excuse the procedural bars to his untimely and successive petition. We disagree and affirm.

Kieren's postconviction habeas petition was untimely because it was filed more than thirteen years after remittitur issued on direct appeal on March 5, 2002. *See* NRS 34.726(1); *Kieren v. State*, Docket No. 36345 (Order of Affirmance, February 8, 2002). Kieren's petition was also successive because he had previously filed a postconviction for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition. *See* NRS 34.810(2); *Kieren v. State*, Docket No. 47039 (Order of Affirmance, June 26, 2007). Thus, his petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Kieren could show good cause if the basis for a claim was

SUPREME COURT
OF
NEVADA

(O) 1947A

17-19894

not reasonably available when he filed his first, timely petition and that he filed the instant petition within a reasonable time of discovering the factual or legal basis for the claim. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Further, because the State specifically pleaded laches, Kieren was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Kieren fails to demonstrate good cause. He argues that this court's decision in *Nika v. State*, 124 Nev. 1272, 198 P.3d 839 (2008), provided good cause for his untimely filing. Even assuming he would be entitled to relief under *Nika*, Kieren did not file his petition until approximately seven years after *Nika*. That seven-year delay is not reasonable. As he failed to file within a reasonable time, he has failed to demonstrate good cause. His argument that his intervening federal litigation excuses the delay is unavailing. *See Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989) (holding that pursuit of federal habeas relief did not constitute good cause to excuse an untimely state habeas petition), *abrogated by statute on other grounds as recognized by State v. Huebler*, 128 Nev. 197-98 n.2, 275 P.3d 91, 95 n.2 (2012). His argument from federal caselaw on retroactivity is similarly misplaced because those federal authorities do not curtail the application of this state's procedural bar, which precludes Kieren's challenge. *See generally Montgomery v. Louisiana*, 136 S. Ct. 718, 729-33 (2016) (discussing when a rule applies retroactively and holding that states cannot refuse to give retroactive effect to a right *where the petitioner has a right under state collateral review proceedings to invoke that rule*). As Kieren failed to show good cause, we conclude that the district court correctly determined that his petition was procedurally barred, as the application of the procedural

bar is mandatory. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

To the extent that Kieren argues that failing to consider his *Nika* claim would amount to a fundamental miscarriage of justice, we disagree, Kieren must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence," *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), but has failed to identify any new evidence. Further, Kieren does not deny that he killed the victim but only that the jury was improperly instructed on the intent element of first-degree murder, but "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *accord Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006). Accordingly, Kieren failed to demonstrate actual innocence to warrant reaching his *Nika* claim.

Kieren's remaining claims—that the district court erred in denying his new-trial motion on the basis of new evidence, that the district court erroneously excluded evidence of the victim's violent character, that the State committed misconduct in referring to a criminal charge against Kieren for which he was not convicted, and cumulative error at trial— were denied on direct appeal, *Kieren*, Docket No. 36345 (Order of Affirmance, February 8, 2002), and may not be relitigated pursuant to the law-of-the-case doctrine, *see Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). Lastly, Kieren has failed to demonstrate a fundamental miscarriage of justice to overcome the presumption of prejudice to the State based on laches. *See Little v. Warden*, 117 Nev. 845, 853, 34 P.3d 540, 545 (2001).

Having considered Kieren's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Stefany Miley, District Judge
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk