IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM CHARLES MERRITT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75986

FILED

DEC 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant William Merritt filed his petition over six years after the issuance of remittitur from his direct appeal. *See Merritt v. State*, Docket No. 53002 (Order of Affirmance, March 11, 2010). In addition to being untimely, the petition was successive because he had previously filed a postconviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition. *See* NRS 34.810(1)(b)(2); NRS 34.810(2); *Merritt v. State*, Docket No. 61134 (Order of Affirmance, September 18, 2013). Merritt's petition therefore was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Merritt argues that the district court erred in concluding he did not demonstrate good cause. He asserts that ineffectiveness of trial, appellate, and postconviction counsel prevented the reviewing courts from reaching the merits of his claims and therefore exhausting his claims for federal litigation. We conclude that the ineffective assistance of prior counsel does not amount to good cause. *See Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989) (concluding that the exhaustion of state

19-50416

remedies in order to seek federal court review is insufficient to demonstrate good cause), *superceded by statute on other grounds as stated in State v. Huebler*, 128 Nev. 192, 197 n.2, 275 P.3d 91, 95 n.2 (2012). Claims related to trial and appellate counsel could have been raised in the prior petition and therefore do not provide good cause for the instant petition. *See Hathaway v. State*, 119 Nev. 248, 253, 71 P.3d 503, 506 (2003) ("[A] claim or allegation that was reasonably available to the petitioner during the statutory time period would not constitute good cause to excuse the delay."). Although Merritt asserts that he was not aware of trial and appellate counsel's deficient performance until the federal court concluded his claims were not exhausted, the manner in which counsel raised the claims and the state courts denied them was known when this court affirmed the judgment of conviction. As Merritt was not entitled to the appointment of postconviction counsel, the ineffective assistance of postconviction counsel cannot amount to good cause. *Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014).

Merritt also argues that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), in failing to turn over the victim's cellphone. *Brady* obliges a prosecutor to reveal evidence favorable to the defense when that evidence is material to guilt, punishment, or impeachment. *Mazzan v. Warden*, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000). There are three components to a successful *Brady* claim: "the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material." *Id.* at 67, 993 P.2d at 37. In the context of a procedurally barred postconviction petition, "[g]ood cause and prejudice parallel the second and third *Brady* components; in other words, proving that the State withheld evidence generally establishes cause, and proving that the withheld evidence was

material establishes prejudice." *State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003). But a *Brady* claim still must be raised within a reasonable time after discovery of the withheld evidence. *See State v. Huebler*, 128 Nev. 192, 198 n.3, 275 P.3d 91, 95 n.3 (2012).

We conclude that Merritt did not overcome the procedural bars with respect to the *Brady* claim. Merrit did not identify any recently discovered evidence to support his claim. *See id.* At best, he alleged that the State might have withheld exculpatory evidence. Such an allegation is not sufficient to demonstrate good cause, as it could have been leveled in the first petition. *See Hathaway*, 119 Nev. at 253, 71 P.3d at 506. Merritt also failed to establish prejudice. Merritt's assertion, that the victim's cellphone contained evidence that could support consent was "'merely a hoped-for conclusion.'" *Sheriff v. Warner*, 112 Nev. 1234, 1240, 926 P.2d 775, 778 (1996) (quoting *Boggs v. State*, 95 Nev. 911, 913, 604 P.2d 107, 108 (1979)). Therefore, we conclude that the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[1]

_____, C.J.
Gibbons

_____, J.
Cadish

_____, Sr. J.
Douglas

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chief Judge, The Eighth Judicial District Court
Eighth Judicial District Court Dept. 8
Matthew D. Carling
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A