# IN THE SUPREME COURT OF THE STATE OF NEVADA

KITRICH A. POWELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 53112

FILED

JUN 24 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court dismissing appellant Kitrich Powell's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Based on evidence that Powell subjected four-year-old Melea Allen to repeated abuse which resulted in a variety of injuries, one of which caused her death, a jury convicted him of first-degree murder and sentenced him to death. This court affirmed the conviction and sentence. *Powell v. State*, 108 Nev. 700, 838 P.2d 921 (1992), *vacated*, 511 U.S. 79 (1994), *remanded to Powell v. State*, 113 Nev. 41, 930 P.2d 1123 (1997). Powell unsuccessfully sought relief in a prior postconviction petition. *See State v. Powell*, Docket No. 39878 (Order Affirming in Part, Reversing in Part and Remanding, August 22, 2003); *State v. Powell*, 122 Nev. 751, 138 P.3d 453 (2006). On February 15, 2008, Powell filed the instant postconviction petition in the district court. The district court dismissed the petition as procedurally barred.[1] This appeal followed.

---

[1]Powell contends that the district court failed to adequately address all his claims in its findings of fact and conclusions of law. We disagree. The order explains the district court's basis for denying relief with sufficient specificity to allow this court to review the decision.

16-19775

*Procedural bars*

Powell's petition is subject to several procedural bars. First, to the extent Powell alleged trial error, those claims were appropriate for direct appeal and thus subject to dismissal for waiver pursuant to NRS 34.810(1)(b)(2).[2] Second, the petition was untimely as it was filed over one year after this court issued its remittitur on direct appeal. NRS 34.726(1). Third, to the extent that the petition raised new claims, this petition constituted an abuse of the writ and to the extent that it raised claims that had been litigated in the first petition, the petition is successive. NRS 34.810(2). To overcome these procedural bars, Powell had to demonstrate good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3).

*Ineffective assistance of prior counsel*

Powell contends that the district court erred in dismissing his petition as procedurally barred because the ineffective assistance of postconviction counsel provided him with good cause to excuse the procedural bars.[3] When postconviction counsel is appointed pursuant to a

---

[2]Some of the trial-error claims were previously rejected by this court on the merits and thus further consideration of them is barred by the doctrine of the law of the case. *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975).

[3]Powell argues that the district court erred by relying upon procedural default rules because this court applies them inconsistently and in its discretion. Because this court has repeatedly rejected this argument, *see, e.g., State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 236, 112 P.3d 1070, 1077 (2005); *Pellegrini v. State*, 117 Nev. 860, 886, 34 P.3d 519, 536 (2001), we reject it here as well. Powell also asserts that any delay in filing the instant petition was not his fault. NRS 34.726(1) requires "a petitioner [to] show that an impediment external to the defense prevented him or her from complying with the state procedural default rules." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

statutory mandate, the petitioner "is entitled to the effective assistance of that counsel," and the ineffective assistance of that counsel may be good cause for a successive petition. *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997). "[T]o constitute adequate cause, the ineffective assistance of counsel claim itself must not be procedurally defaulted." *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003); *see also Edward v. Carpenter*, 529 U.S. 446, 452-53 (2000) (concluding that claim of ineffective assistance of counsel cannot serve as cause for another procedurally defaulted claim where ineffective-assistance claim is also subject to procedural default). In other words, a petition must demonstrate cause for raising the ineffective-assistance-of-counsel claims in an untimely fashion. *See* NRS 34.726(1); *Pellegrini*, 117 Nev. at 869-70, 34 P.3d at 526 (holding that the time bar of NRS 34.726 applies to successive petitions).

Powell failed to explain how postconviction counsel's alleged deficiencies precluded him from filing this petition until roughly 18 months after this court resolved his first postconviction petition. While he was litigating his federal petition during this time, that does not amount to good cause. *See Colley v. State*, 105 Nev. 235, 773 P.2d 1229 (1989), *superceded by statute as stated in State v. Huebler*, 128 Nev. 192, 275 P.3d 91 (2012). Powell suggests that his claim that first postconviction counsel

---

*...continued*
503, 506 (2003). This language contemplates that the delay in filing a petition must be caused by a circumstance not within the control of the defense team as a whole, not solely the defendant. Considering the nature and purpose of legal representation, we conclude that Powell's view that NRS 34.726(1) contemplates only delay personally caused by a petitioner is untenable. Therefore, the district court did not err in rejecting this claim of good cause.

was ineffective for failing to investigate the victim's cause of death was not reasonably available until he obtained the declarations from expert witnesses, including one from the medical examiner who testified at trial, which acknowledge uncertainty regarding the conclusions presented at trial. However, Powell failed to explain the nearly 8-month delay in obtaining the first declaration and the subsequent 10-month delay in obtaining the second declaration, which resulted in the 18-month delay in filing his petition. Powell did not allege that any external impediment to the defense prevented him from obtaining both declarations earlier. The 18-month delay was not reasonable. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506; *see also Rippo v. State*, 132 Nev., Adv. Op. 11, at 19 __ P.3d __, __ (2016) (providing that claims of ineffective assistance of postconviction counsel are timely if raised within one year after the issuance of remittitur on the first postconviction appeal). As the postconviction counsel claim was not asserted in a timely fashion, the district court did not err in rejecting it as good cause for the untimely and successive petition.

*Fundamental miscarriage of justice*

Powell argues that the district court erred in rejecting his gateway claims of actual innocence of first-degree murder and of the death penalty. When a petitioner cannot demonstrate good cause, the district court may nonetheless excuse a procedural bar if the petitioner demonstrates that failure to consider the petition would result in a fundamental miscarriage of justice. *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537.

*Actual innocence of first-degree murder*

Powell argues that the district court erred in concluding that he failed to demonstrate that he is actually innocent of first-degree

murder. He contends that the declarations of expert witnesses concerning Melea's cause of death make it impossible to conclude that she died as a result of abuse rather than an accidental fall. We conclude that this argument lacks merit.

A fundamental miscarriage of justice requires "a colorable showing" that the petitioner is "actually innocent of the crime." *Id.* This requires that the petitioner present new evidence of his innocence. *See House v. Bell*, 547 U.S. 518, 537 (2006) ("[A] gateway claim requires 'new reliable evidence—whether it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)); *Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). When claiming a fundamental miscarriage of justice based on actual innocence, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him absent a constitutional violation." *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. In this context, "actual innocence means factual innocence, not mere legal insufficiency." *Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006) (internal quotation marks and alterations omitted). In deciding whether the petitioner has made that showing, the court must consider the petitioner's claimed innocence in light of all the evidence—both the new and the old. *See Berry v. State*, 131 Nev., Adv. Op. 96, 363 P.3d 1148, 1155-56 (2015).

The new evidence consists of two declarations from medical experts, including the medical examiner who testified at trial, that recognize the possibility that Melea died as the result of a fall from

Powell's shoulders. However, the medical examiner's opinion was not the only evidence produced at trial that Powell's abuse caused Melea's injuries and death. Two other doctors opined at trial that her injuries were not caused by accidents. Further, all the medical experts acknowledged at trial that there was some doubt regarding their respective conclusions, so the doubt asserted in the postconviction petition is not entirely new. In addition to the medical testimony, Melea's sister testified that Powell sought exculpatory evidence from her and later threatened her and during that threat, admitted that he killed Melea. Considering the total record, Powell has not demonstrated that the district court erred in concluding that he could not have demonstrated that the new evidence was so persuasive that no reasonable juror would have convicted him in light of all the evidence.

*Actual innocence of the death penalty*

Powell argues that the district court erred in rejecting his gateway claim that new mitigation evidence demonstrates that he is actually innocent of the death penalty. We disagree. When claiming a fundamental miscarriage of justice based on ineligibility for the death penalty, the petitioner "must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found him death eligible." *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. Because Powell does not assert that any aggravating circumstance is invalid, he failed to demonstrate that he was actually innocent of the death penalty. *See Lisle v. State*, 131 Nev., Adv. Op. 39, 351 P.3d 725, 732 (2015) (noting that gateway claim that petitioner is actually innocent of the death penalty must focus on the elements of the crime and the aggravating circumstances rather than new mitigation evidence). Therefore, the

district court did not err in rejecting this effort to avoid the procedural bars.[4]

Having considered Powell's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

CHERRY, J., with whom, SAITTA, J., agrees, dissenting:

The majority concludes that Powell's postconviction-counsel claim was untimely because it was raised over one year after the final disposition of his first postconviction petition. I disagree. In my view the appropriate test is one of reasonableness that must be determined on a case-by-case basis considering all of the circumstances contributing to the delay rather than a bright-line rule that is not clearly required by NRS

_____

[4]The State also pleaded laches under NRS 34.800. Powell failed to show that he was reasonably diligent in discovering the facts underlying the claims and therefore could not overcome the presumption of prejudice to the State in litigating the petition. See NRS 34.800(1)(a). As Powell failed to demonstrate that the failure to consider his claims would result in a fundamental miscarriage of justice, he failed to overcome the presumed prejudice to the State in retrying him. See NRS 34.800(1)(b).

34.726. *See Rippo v. State*, 132 Nev., Adv. Op. 11, 368 P.3d 729, 756 (2016) (Cherry, J., dissenting). Powell's claim of ineffective assistance of postconviction counsel depended on evidence from two independent medical experts, Dr. Giles Green and Dr. Karen Griest. Although the petition was promptly filed after Powell received Dr. Green's declaration, the majority faults Powell for the delay in obtaining the declarations. That strikes me as unfair. The experts had to review testimony, other trial evidence, and the medical literature on childhood injuries. Regardless of Powell's diligence in developing this claim, when he could file the claim was ultimately within the control of these witnesses. Considering the nature of the evidence and literature that the experts had to review and the reasonable assumption that Powell's case was not the sole focus of their professional schedule, I would remand this matter for the district court to conduct an evidentiary hearing on whether the delay was reasonable.

Assuming that the delay was reasonable, I believe that Powell made sufficient allegations to warrant an evidentiary hearing to determine whether his postconviction-counsel claim has merit and therefore satisfies the prejudice prong of the good-cause showing required under NRS 34.726 and both the good-cause and prejudice showings required under NRS 34.810(1)(b) and (2). *See id.* at 740-42 (majority opinion). At trial, the medical examiner, Dr. Green, testified that Melea's death was a homicide. He opined that, based on the presence of injuries of various ages, Melea's injuries were more than the result of usual childhood or accidental activity. In his petition, Powell alleged that new expert evidence called this conclusion, the very crux of the charges against him, into substantial doubt. Dr. Griest, after reviewing medical literature, opined that Melea's injuries were consistent with a fall. Further, the

medical testimony at trial grossly misrepresented the available literature. After reviewing Dr. Griest's declaration, Dr. Green acknowledged that a fall could have caused Melea's injuries. Further, he "cannot state, within any reasonable degree of medical certainty, that Mr. Powell intentionally caused Melea Allen's death[,]" or "could not determine the degree of Mr. Powell's culpability." In my view, this evidence casts substantial doubt on the testimony that Powell murdered Melea, or that her death was even a homicide at all, and could be sufficient to meet the prejudice prong of the ineffective-assistance claims provided that Powell is able to demonstrate that postconviction counsel was deficient for failing to raise an ineffective assistance of trial counsel claim based on the failure to investigate and present this evidence. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

I also disagree with the majority's conclusion that the district court did not err in denying Powell's claim that he was actually innocent of the death penalty based on new mitigating evidence. In *Lisle v. State*, 131 Nev., Adv. Op. 39, 351 P.3d 725, 732 (2015), a majority of this court held that a gateway claim of actual innocence of the death penalty must focus on the elements of the crime and the aggravating circumstances rather than new mitigation evidence. I disagreed with that decision as it fails to appreciate the plain language of the statute, *id.* at 734-36 (Cherry and Saitta, JJ., dissenting), and accordingly, disagree with the decision reached in this case for the same reason. Here, Powell presented mitigating evidence detailing the horrendous abuse his father, an alcoholic, and mother, a paranoid schizophrenic, visited upon Powell and his siblings. Powell was once thrown down stairs and his mother attempted to stab his sister. Although they eventually moved to their grandmother's home, she beat the children with a cane and forced them to

eat cigarette butts. Psychiatric records indicated that Powell's in utero exposure to drugs and his childhood concussions resulted in neurological deficits. He was paranoid, prone to anger, and suffered depression. Powell's neurological impairments, coupled with his tumultuous childhood, gave rise to his aggressive and disinhibited personality. If credible, the new mitigation material is clear and convincing evidence that Powell is actually innocent of the death penalty. *See Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (observing the standard for a claim of actual innocence). Accordingly, I would reverse and remand for an evidentiary hearing to determine whether Powell could demonstrate that no reasonable juror would have found him death eligible had he presented the significant evidence his abusive upbringing and psychiatric conditions.

_____, J.
Cherry

I concur:

_____, J.
Saitta

cc:    Eighth Judicial District Court
       Federal Public Defender/Las Vegas
       Clark County District Attorney
       Attorney General/Las Vegas
       Eighth District Court Clerk
       Kitrich A. Powell